IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| KELLY A. DEVIEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:05cv147-H |
| v. | ) | |
| | ) | |
| AT&T CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| KELLY A. DEVIEW, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:04cv295-H |
| | ) | |
| v. | ) | |
| | ) | |
| AT&T CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>AMENDED CONSENT PROTECTIVE ORDER</u>**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and upon stipulation of the parties, as evidenced by the endorsement of counsel hereon, and with the concurrence of the Court,

1. Whereas plaintiff's claims in the above-captioned consolidated actions arise under the Equal Pay Act, 29 U.S.C. § 206(d); the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.;* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

2. Whereas the parties herein represent to the Court that plaintiff has requested by written discovery salary information regarding her alleged male comparators, defendant's customers, financial information and employee personnel files;

3. Whereas the parties herein represent to the Court that defendant has requested by written discovery plaintiff's medical records, information regarding her employment with non-parties, and information about her personal finances;

4. Whereas the Court concurs that the parties have an important interest in protecting the confidentiality of that information given its sensitive, proprietary and personal nature;

It is hereby **ORDERED, ADJUDGED** and **DECREED** that:

5. In responding to discovery requests related to plaintiff's claims brought under the Equal Pay Act, defendant may redact from any document or interrogatory response the names and all other information which may reveal the identity of defendant's employees. Defendant shall replace the redacted information by reference to the employees consecutively as "Male 1, Male 2, Male 3, Male 4, etc." To the extent it is necessary to produce any information related to defendant's female employees, defendant shall replace the redacted information by reference to the employees consecutively as "Female 1, Female 2, Female 3, Female 4, etc." Defendant may designate any document or interrogatory response produced pursuant to this paragraph as "Confidential."

6. Defendant also may designate as "Confidential" any document or information it produces in this matter pursuant to Fed. R. Civ. P. 26, 30, 33 or 34, which contains information regarding AT&T's compensation plans, personnel, finances, and/or clients and accounts;

7. Plaintiff may designate as "Confidential" any document or information she produces in this matter pursuant to Federal Rules of Civil Procedure 26, 30, 33, or 34 which contains information regarding plaintiff's medical treatment records, her employment with non-parties, and her personal finances.

8. Plaintiff also may designate as "confidential" any document or information defendant receives pursuant to any third-party subpoena or HIPAA release which contains information regarding plaintiff's medical treatment records, her employment with non-parties, or her personal finances.

9. Any document or information designated as "Confidential" shall be used by the parties only in connection with the above-captioned action and shall not be disclosed to, or used by, any person other than those identified hereafter under the conditions and limitations described herein;

10. Any document or information designated as "Confidential" may only be disclosed by the parties to:

    a. the Court, as long as such document or information is filed under seal;

    b. counsel of record in this action;

    c. law clerks, paralegals, legal assistants, stenographic and clerical employees of the parties' counsel who are assisting in the prosecution of this matter and are operating under the direct supervision of the parties' counsel; and

    d. independent and internal experts working on behalf of the parties for the purposes of this litigation.

11. If any Confidential document or information is used during a deposition, either party may designate the portion of the transcript (including exhibits) that contains "Confidential" material by making a statement to such effect on the record in the course of the deposition. Each party also may designate as "Confidential" any portions of the transcript (including exhibits thereto) by written statement within ten days following receipt of the transcript of such deposition.

12. Any person to whom either party discloses documents or information pursuant to this Order shall receive or be shown a photocopy of this Order and shall agree to abide by its provisions.

13. Each person examining any information or document designated as "Confidential" and disclosed by either party hereby agrees to be subject to the jurisdiction of this Court for contempt and any other appropriate proceedings in the event of any violation of this Order.

14. No person who examines any document or information designated "Confidential" and disclosed by either party shall disseminate orally, in writing, or by any other means the document or any information contained therein to any other person not also authorized to examine the document or information.

15. All documents and information designated as "Confidential" shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that the document or information designated as "Confidential" shall not be covered by the terms of this Order and all proceedings and appeals challenging such decision have been concluded.

16. No later than thirty days after this Court (or a subsequent appellate court, whichever is later) enters a Final Order in this action, the parties and their counsel shall destroy any and all documents or information designated as "Confidential," including copies thereof, in their possession and control.

17. Nothing in this Protective Order shall limit either party's ability to use or disclose any documents or information in the ordinary course of business or in its defense in this action. Each party may file under seal any document or information designated as "Confidential."

18. The Clerk hereby is directed to accept as filed under seal all documents or information designated as "Confidential."

19. Nothing herein shall prejudice either party's right or ability to contest the designation of any document or information as "Confidential" under this Order.

20. Nothing herein shall prejudice either party's right or ability to petition the Court for additional or different relief.

**SO ORDERED.**

**Signed: November 9, 2005**

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge