# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:04CV295-H

| | |
|---|---|
| KELLY A. DEVIEW, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AT&T CORPORATION, )<br>)<br>Defendant. )<br>_____) | **ORDER AND NOTICE TO PRO SE<br>PLAINTIFF OF DEFENDANT'S MOTION<br>FOR SUMMARY JUDGMENT** |

**THIS MATTER** is before the Court on its own motion following the filing of Defendant's "Motion for Summary Judgment" and "Memorandum ... in Support ... " (both document #35) filed December 21, 2006.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises the Plaintiff, who is proceeding pro se, of the heavy burden that she carries in responding to the Defendant's Motion for Summary Judgment.

Rule 56(e), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if the Plaintiff has any evidence to offer to show that there is a genuine issue for trial, she must now present it to this Court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or

statements must be presented by Plaintiff to this Court no later than January 26, 2007, and must be filed in duplicate.  As stated by Rule 56(e), the Plaintiff's failure to respond may result in the Defendant being granted the relief it seeks by way of summary judgment, that is, the dismissal of the Complaint with prejudice.

**NOW THEREFORE, IT IS ORDERED:**

1. The pro se Plaintiff shall have until January 26, 2007 to file her response, including any evidence, to the Defendant's Motion for Summary Judgment.

2. The Clerk is directed to send copies of this Order and Notice to counsel for the Defendant; and to the pro se Plaintiff, that is, Kelly A. DeView, 8445 Vista Drive, Newaygo, Michigan, 49337.

**SO ORDERED.**

Signed: December 26, 2006

*/s/ Carl Horn, III*

Carl Horn, III
United States Magistrate Judge